```
                    UNITED STATES DISTRICT COURT           FILED
                     WESTERN DISTRICT of TEXAS
                       SAN ANTONIO DIVISION             FEB 1 8 2016
                                                  CLERK, U.S. DISTRICT COURT
                                                  WESTERN DISTRICT OF TEXAS
                                                  BY_____
                                                              DEPUTY CLERK
```

| | |
|---|---|
| QUENTIN DeWAYNE RIDLEY, § | |
| TDCJ # 1644792, § | |
| § | |
| Plaintiff § | |
| § | Civil Action |
| v. § | No. SA-15-CA-616-OG |
| § | |
| RONNIE PEREZ, ET AL., § | |
| § | |
| Defendants § | |

# MEMORANDUM DECISION

Before the Court is Plaintiff Quentin DeWayne Ridley's 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 1), Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) (Entry # 19), Ridley's Motions to Amend Complaint (Entries ## 26 & 27), and Ridley's Response (Entry # 29) to this Court's Order directing him to show cause why Defendants should not be granted summary judgment.

## I.

Plaintiff Ridley is in the custody of the Texas Department of Criminal Justice (TDCJ). His § 1983 Complaint alleges: He was previously assigned to a trustee unit at the TDCJ Torres Unit. He filed a civil rights action in the Northern District of Texas against several Torres Unit officials, and on December 30, 2014 Judge Frost scheduled an evidentiary hearing for February 12, 2015 by teleconference requiring the presence of the Unit law library staff, the chief of classification, the keeper of inmate records, and Senior Warden Wilson. On April 17, 2015, Ridley was transferred to the high security George Beto Unit because of purported gang affiliation which Ridley denies. Ridley alleges his transfer to a high security unit shortly after the Torres Unit officials learned of the lawsuit was in retaliation for his litigation efforts. Ridley sues Torres Unit Major Ronnie Perez,

Gang Intelligence Sergeant Kayla Walker, and Senior Warden Joseph Wilson seeking injunctive relief and damages.

Defendants move for dismissal pursuant to Rule 12(c) for judgment on the pleadings contending that Ridley's allegation he was transferred to a higher security unit in retaliation for his litigation efforts is conclusory and not sufficient to overcome Defendants' qualified immunity.

Because Ridley's Complaint and the record showed no basis for a claim, this Court also directed Ridley to show cause why the Defendants should not be granted summary judgment.

## II.

Ridley originally sued the Defendants in their individual and official capacities. Ridley's Motion for Leave to File Amended Complaint (Entry # 26) states he wishes to proceed against Defendants in their individual capacities only. This Court will construe the Motion as a motion to voluntarily dismiss the official capacity claims, and will grant the motion. *See* Fed. R. Civ. P. 41(a)(2).

## III.

The standard under Rule 12(c) is the same as that under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Ackerson v. Bean Dredging*, 589 F.3d 196, 209 (5th Cir. 2009). To state a claim pursuant to Rule 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed for failure to state a claim. *See Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

Summary judgment is a procedure for resolving cases without trial based on the record. A district court may enter summary judgment sua sponte provided the affected party has prior notice to come forward with evidence in opposition to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "'genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To overcome summary judgment, a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F.3d 693, 698 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir.1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322.

To establish a retaliation claim a prisoner must show: a specific constitutional right, the defendant intended to retaliate against the prisoner for exercising that right, a retaliatory adverse act, and causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir.), *cert. denied*, 449 U.S. 1038 (2006).

Prisoners have a constitutional right to complain of alleged misconduct by prison officers. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). A plaintiff "must produce direct evidence of motivation or . . . allege a chronology of events from which retaliation may be plausibly inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

- A -

Ridley failed to allege a federal civil rights retaliation claim. A prisoner's classification is committed to the discretion of the prison authorities; consequently a prisoner does not have a constitutionally recognized liberty interest in his custodial classification or unit of assignment, and therefore prison authority's classification decisions are not subject to due process challenges. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (*citing Sandin v. Conner*, 515 U.S. 472, 483-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). The fact that an undesirable action occurred after a plaintiff files a civil rights suit is not sufficient to raise an arguable retaliation claim. *See Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir. 1988). Ridley assumes his transfer was in retaliation for his litigation efforts because his transfer occurred after Ridley filed his civil rights complaint in the Northern District, however the fact that one event occurred before the other will not support an inference that one caused the other. *See id.* Ridley failed to allege facts that would support a claim of retaliation or a series of events "from which retaliation may be plausibly inferred." *See id.*

- B -

The record also shows no basis for a civil rights claim and therefore Defendants are entitled to summary judgment.

Ridley failed to introduce any evidence Defendants intended to retaliate against him for exercising his right to access to the courts. The record fails to show evidence of retaliation or a

series of events "from which retaliation may be plausibly inferred." Ridley's speculation or surmise is not sufficient to overcome summary judgment.

Ridley claims he was transferred in retaliation for his exercise of his right to access to the courts. To establish a claim for denial of access to the courts the plaintiff must show an "actual injury" by proving the State is hindering his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 348-56, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The record in *Ridley v. Jones*, No. 14-CA-32 (N. D. Tex., San Angelo Division), however shows Ridley's civil rights complaint filed in the Northern District of Texas was dismissed *as frivolous* on November 3, 2015. The record fails to show Ridley was engaged in a constitutionally protected activity which is a prerequisite for a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (no retaliation claim can be stated for the filing of frivolous litigation because there is no constitutional right to do so).

Moreover, Ridley's civil rights suit in the Northern District of Texas involved different defendants from his current suit. *Ridley fails to explain why the current defendants would want to retaliate against Ridley for suing other defendants in his previous suit.* Because the current defendants were not a party to *Ridley v. Jones* there is no showing they were even aware of the other lawsuit.

The record shows no material issue of fact for trial and Defendants are entitled to judgment as a matter of law, and consequently Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(a).

- C -

Furthermore, Ridley's claims for damages against the Defendants in their individual capacities are barred by qualified immunity. Qualified or good-faith immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 238-43. Defendants in their individual capacities have invoked qualified immunity and Ridley failed to allege facts or introduce evidence sufficient to show the violation of his clearly established constitutional rights, and thus Defendants are entitled to qualified immunity. *See id.*

## IV.

Accordingly, Plaintiff's Motions to Amend Complaint (Entries ## 26 & 27) construed as motions to voluntarily dismiss his official capacity claims against Defendants are **GRANTED**, and the official capacity claims are **DISMISSED WITHOUT PREJUDICE**; Defendants' Motion to Dismiss Pursuant to Rule 12(c) (Entry # 19) is **GRANTED**; Ridley's Complaint is also **DISMISSED** pursuant to Rule 12(b)(6); Defendants are also **GRANTED SUMMARY JUDGMENT**; and Ridley's § 1983 Complaint (Entry # 1) is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot.

**DATED:** February 18, 2016

_____
ORLANDO L. GARCIA
Chief United States District Judge